FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 AUG 30 PM 3:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SEVERO DELATORRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 112-108 |
| ) | (Formerly CR 105-047) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at the Federal Correctional Institution in Safford, Arizona, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On November 17, 2006, a jury found Petitioner guilty of one count of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. United States v. Delatorre, CR 105-047, doc. nos. 252, 280 (S.D. Ga. Apr. 8, 2005) (hereinafter "CR 105-047"). The Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to serve

260 months of imprisonment and ordered him to pay a fine of $25,000.00 on October 1, 2007; a judgment was entered on October 9, 2007. (Id., doc. no. 280.) Because Petitioner testified during his trial, and that testimony was found to be untruthful, Petitioner's sentence was enhanced for obstruction of justice. (See id. doc. no. 307, pp. 5-7.)

Petitioner's counsel filed a notice of appeal on October 3, 2007. (Id. doc. no. 281.) The Eleventh Circuit affirmed Petitioner's conviction and sentence on January 22, 2009. United States v. Delatorre, 308 F. App'x 380 (11th Cir. 2009) (*per curiam*). On June 18, 2010, Petitioner filed a motion to delay payment of his fine under 18 U.S.C. § 3572(d)(3). (See CR 105-047, doc. no. 322.) Petitioner's § 3572(d)(3) motion was denied on June 24, 2010. (See id. doc. no. 324.) Petitioner did not thereafter make any other attempt to challenge his conviction or sentence until he submitted the instant motion, which was executed on July 31, 2012, and filed by the Clerk of Court on August 3, 2012.[1] (Doc. no. 1, pp. 1, 9.)

Petitioner enumerates three grounds for relief in his § 2255 motion. In Ground One, Petitioner asserts that his counsel provided ineffective assistance for failing to obtain a plea offer. (Id. at 2-3.) In Ground Two, Petitioner argues that his counsel provided ineffective assistance by failing to evaluate Petitioner's competence before allowing him to testify. (Id. at 3-5.) In Ground Three, Petitioner argues that the ineffective assistance of counsel alleged

---

[1]Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of execution and delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing").

2

in Ground Two created the "adverse result" of Petitioner's sentence being enhanced for obstruction of justice. (Id. at 5-6.)

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Following the conclusion of Petitioner's direct appeal on January 22, 2009, he did not petition the Supreme Court for a writ of certiorari within the ninety day time limit set by United States Supreme Court Rule 13(1). Therefore, Petitioner's convictions and sentences became final in or around May of 2009 at the latest. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.") (citing Clay v. United States, 537 U.S. 522, 525 (2003)); Kaufmann v. United

States, 282 F.3d 1336, 1337-38 (11th Cir. 2002). Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed more than three years later, is untimely.

Petitioner does not suggest that any date other than that on which his conviction became final should be the operative date for purposes of the AEDPA. Rather, Petitioner acknowledges that his petition "comes late in the day," and asserts that because he "is still incarcerated and does have constitutional issues," his untimeliness is excused. (Doc. no. 1, p. 7.) Petitioner derives this rule from a 1953 case out of the District of Columbia Circuit of the United States Court of Appeals, McKinney v. United States, 208 F.2d 844, 846-847 (D.C. Cir. 1953). The court in McKinney did hold that "tardiness is irrelevant where a constitutional issue is raised and where the prisoner is still confined." Id. at 847. However, as the Eleventh Circuit has acknowledged, the rule in McKinney has been superseded by the AEDPA. See Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001) (*per curiam*). Accordingly, the AEDPA's statute of limitations applies to the instant motion, and the motion was untimely because it was filed more than three years after Petitioner's sentence became final.

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is

4

available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offense of which he was convicted such that no reasonable juror would have convicted

him. Indeed, the bases of the instant motion are that Petitioner's counsel provided ineffective assistance by failing to obtain a plea offer and failing to advise Petitioner of the potential consequences of testifying, neither of which is a claim that Petitioner is actually innocent of the crime for which he was convicted. Therefore, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments sufficient to support a claim of actual innocence. Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

### III.  CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of August, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6